UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12391-RGS

ALFRED LANE-BEY

v.

ALFRED DARNELL LANE T98017; MAURA T. HEALEY; SHAWN P.
JENKINS; DEAN GRAY; and TOCCI M. THOMAS,

MEMORANDUM AND ORDER

November 15, 2023

On October 16, 2023, Alfred Lane-Bey ("Lane-Bey"), an inmate in custody at the Souza Baranowski Correctional Center ("SBCC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. He did not pay the filing fee nor seek leave to proceed without prepayment of the filing fee. For the reasons set forth below, the court summarily dismisses the complaint pursuant to 28 U.S.C. § 1915A(b)(1) because the allegations are frivolous and fail to state a claim for which relief may be granted.

SCREENING

The case is before the court for screening under 28 U.S.C. § 1915A(a). Under that statute, the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The

court must "dismiss the complaint, or any portion of the complaint," if it is frivolous, fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2).

Plaintiff's *pro se* complaint is entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *accord Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st 1997). "However, *pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a *pro se* plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

## DISCUSSION

Plaintiff indicates that he is an "Indigenous Moor/Moorish American." Doc. No. 1 at ¶ 3. Named as defendants are the Governor of Massachusetts, the Chief of Staff for the Department of Correction, the SBCC Superintendent, and an SBCC correctional officer. *Id.* at ¶¶ 5 – 8. Plaintiff also names himself as a defendant by using a name that he contends is "a

fictitious entity" that he contends was "created to obtain jurisdiction over this moor/moorish American plaintiff." *Id.* at ¶ 4. Plaintiff's claims are premised on his purported Moorish citizenship. Throughout the complaint, Lane-Bey repeatedly refers to himself as "in propria persona" and "sui juris." *Id.* at ¶¶ 1, 2, 21.

The complaint consists primarily of background information explaining what Lane-Bey describes as the "status," "indigenous status," and "origin" of Moorish Americans. *Id.* at ¶¶ 10 – 14. In a section of the complaint labeled "Legal Claims," Lane-Bey asserts that labeling him "Black" violates Article I, Sections 9 and 10 of the Constitution, the Thirteenth Amendment, and ex post facto laws. *Id.* at ¶ 14. He asks for declaratory relief, an injunction prohibiting the application of DOC policies to the "moorish plaintiff," and compensatory and punitive damages. *Id.* at ¶ 22.

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that while an inmate in custody of the Virginia Department of Corrections, Lane-Bey filed an almost identical action. *See Lane-Bey v. Lane, et al.*, No. 22-00656-EKD, 2023 WL 3230483 (W.D. Va. May 3, 2023) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1)). At that time, Lane-Bey was advised that his status as a Moorish American or as

a sovereign citizen does not mean that his judgment of conviction was invalid or that he is being unlawfully imprisoned. *Id.* at * 3.

Arguments based on a litigant's purported "moorish" or "sovereign citizen" status have consistently been rejected by federal courts as frivolous. *See e.g. U.S. Bank N.A. v. Janelle*, No. 20-00337-JAW, 2021 WL 4847901, at *7-8 (D. Me. Oct. 18, 2021) (describing the various hallmarks of sovereign citizen pseudo-litigation and decrying the "widespread practice of pro se litigants submitting court filings that are nothing more than a collection of legal-sounding but false rules that purport to be law" (cleaned up)); *Libertad v. Massachusetts*, No. 21-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) ("Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—such sovereign citizen claptrap has been rejected over and over." (cleaned up)); *Maryland v. Ghazi-El*, CR RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a court's jurisdiction in criminal prosecutions. Contrary to Defendant's assertions, his purported status as a Moorish–American citizen does not enable him to violate state laws without consequence. Therefore, the argument that a person is entitled to ignore . . . [state laws] . . . by claiming membership in the Moorish–

American nation is without merit.") (citations, punctuation and quotations omitted).

Reading Lane-Bey's complaint generously, it is clear that it fails to meet the minimal screening requirements of 28 U.S.C. § 1915A(b)(1). In light of the nature of plaintiff's claims, the court finds that amendment would be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

### ORDER

Accordingly, for the reasons stated herein, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and failing to state a claim for which relief may be granted. The clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE