UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12391-RGS

ALFRED LANE-BEY

v.

ALFRED DARNELL LANE T98017; MAURA T. HEALEY; SHAWN P. JENKINS; DEAN GRAY; and TOCCI M. THOMAS,

ORDER

January 8, 2024

On October 16, 2023, Alfred Lane-Bey ("Lane-Bey"), an inmate in custody at the Souza Baranowski Correctional Center ("SBCC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. He did not pay the filing fee nor seek leave to proceed without prepayment of the filing fee.

By Memorandum and Order dated November 15, 023, this court summarily dismissed the instant complaint pursuant to 28 U.S.C. § 1915A(b)(1) noting that arguments based on a litigant's purported "moorish" or "sovereign citizen" status have consistently been rejected by federal courts as frivolous. The court also noted that while an inmate in custody of the Virginia Department of Corrections, Lane-Bey filed an almost identical action. *See Lane-Bey v. Lane, et al.*, No. 22-00656-EKD, 2023 WL 3230483 (W.D. Va. May 3, 2023) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1)). At

that time, Lane-Bey was advised that his status as a Moorish American or as a sovereign citizen does not mean that his judgment of conviction was invalid or that he is being unlawfully imprisoned.  *Id.* at * 3.

Now before the court are Lane-Bey's Motion for Leave to Appeal *in forma pauperis* and Financial Affidavit.  Under the Federal Rules of Appellate Procedure, a person moving for leave to appeal *in forma pauperis* must attach to his motion an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  For these purposes, "good faith" is measured objectively. An "applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958); *see In re Woods*, No. 20-1991, 2021 WL 1799849, at *1 (1st Cir. 2021) (noting that good faith is lacking if appellant has "failed to identify any non frivolous argument on appeal").  An "appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their

merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (alterations in original) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)); *see Kersey v. Herb Chambers 1186, Inc.*, No. 18-cv-11110, 2018 WL 11191311, at *2 (D. Mass. May 31, 2018) (discussing the "good faith" standard and boiling down the issue to a question of whether the case deserves "additional judicial attention").

Lane-Bey states in his motion that the issues he seeks to present on appeal are "false imprisonment, fraud, theft and lack of subject matter jurisdiction."  Here, the court finds that Lane-Bey's appeal is not taken in good faith because his legal points are not arguable on their merits and his case deserves no further judicial attention.

Accordingly, the motion for leave to appeal *in forma pauperis* is <u>DENIED</u> and the court certifies that the appeal is not taken in good faith. This ruling does not prevent Lane-Bey from seeking permission to proceed *in forma pauperis* on appeal directly from the First Circuit pursuant to Federal Rule of Appellate Procedure 24(a)(5). The clerk shall transmit a copy of this Order to the First Circuit. See Fed. R. App. P. 24(a)(4).

             SO ORDERED.

             /s/ Richard G. Stearns
             UNITED STATES DISTRICT JUDGE